**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TONYA BOWEN-SOTO, as Administrator of the Estate of John Soto, Jr. <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LIBERAL, KANSAS, <br><br> Defendant. | **CIVIL ACTION** <br><br> No. 08-1171-MLB |

**MEMORANDUM AND ORDER**

Plaintiff moves to amend her civil rights complaint pursuant to Fed. R. Civ. P. 15. The motion has been fully argued and briefed and is ripe for decision (Docs. 79, 80, 81). For the reasons stated herein, plaintiff's motion is granted, in part.

**I. BACKGROUND**

This case was initially filed on June 3, 2008 by plaintiff as next friend of JS, HS, and AS, minor children of John Soto, Jr., deceased. While the complaint stretched notice pleading pretty far, it signaled its status as a civil rights action by its reference to 42 U.S.C. § 1983. In substance, the complaint asserted that on August 30, 2006, the deceased was found in a confused and agitated state on the street in Liberal, Kansas. When defendant's officers attempted to deal with the deceased, he resisted and was subdued by use of a Taser device. Death followed shortly thereafter. The complaint alleged that the death was caused or contributed to by defendant's failure to properly train its officers on the appropriate use of Tasers when individuals are drugged, intoxicated or under extreme

stress. Plaintiff claimed that she and the deceased's children have suffered great emotional distress and sought recovery for "last medical expenses" (Doc. 1).

At some point, plaintiff realized that she is not the real party interest and on April 30, 2009, she secured letters of administration from the District Court of Seward County, Kansas which appointed her as the administrator of the estate of John Soto, Jr. She filed a motion for leave to substitute and to file an amended complaint which the court granted in a memorandum and order filed June 3, 2009 (Doc. 65). Other than the substitution, the amended complaint was essentially identical to the original complaint, i.e., that the defendant failed to properly train its officers regarding the use of Taser devices (Doc. 66).

In April 2009, the parties submitted a proposed pretrial order in which plaintiff apparently abandoned her claim regarding use of the Taser and instead asserted that defendant failed to properly train its officers ". . . on the illegality of hog-tie restraints and the absolute necessity of immediately summoning medical emergency support before attempting to restrain an individual suffering from excited delirium." Plaintiff listed her damages as loss of earnings and the medical and funeral bills. Understandably, defendant objected on the basis that in neither the complaint nor the amended complaint had plaintiff asserted a "hog-tying" claim and that plaintiff's claims were barred by the statute of limitations. The court rejected these arguments in its memorandum and order of June 3, 2009. Nevertheless, questions remained in the court's mind and as a result, he wrote a letter dated July 27, 2009 to counsel requesting clarification (Doc.

72).  Counsel responded (Docs. 75, 76) and the court discussed the responses with counsel.  Defendant's counsel requested an opportunity to file a brief and the parties' submissions are now before the court (Docs. 79, 80, 81).

Although plaintiff has sought leave to amend her complaint a second time, and has submitted a proposed second amended complaint (Doc. 79-3), it seems that what she really is requesting is to clarify her claims in the pretrial order to assert her "hog-tying" and failure to summon claims and to clarify her claims for damages.  Fed. R. Civ. P. 1 and 16(c)(2)(B).  Defendant reasserts and refines its arguments in opposition.

To the extent that defendant persists in claiming that plaintiff is not the proper party to bring this § 1983 case, the court has already ruled that she is.  There is nothing in the record to suggest that plaintiff's initial characterization was intentional or somehow calculated to secure some unfair tactical advantage.  Defendant is entitled to, and has, preserved its argument that the court is wrong but in order to do so, defendant will have to persuade the Court of Appeals to change its ruling in Berry v. City of Muskogee, 900 F.2d 1489, 1506-07 (10th Cir. 1990): ". . . federal courts must fashion a federal remedy to be applied to § 1983 death cases.  The remedy should be a survival action, brought by the estate of the deceased victim, in accordance with § 1983's express statement that the liability is 'to the party injured.'"

Defendant's statute of limitations argument also was rejected in this court's memorandum and order of June 3, 2009.  Judge Lungstrum considered and rejected a similar argument in Payne v. McKune, No. 06-

3010-JWL, 2007 WL 1019193 (D. Kan. Apr. 4, 2007). In Payne, as here, the administrator was appointed after the applicable statute of limitations had run. Defendant sought dismissal on that basis but Judge Lungstrum thought otherwise, noting: "Furthermore, the statute of limitations issue is resolved because the substitution 'shall have the same effect as if the action had been commenced in the name of the real party in interest.'" citing Fed. R. Civ. P. 17(a).

The court has previously observed, and does again, that defendant has not shown that it will be prejudiced by the substitution of plaintiff. Furthermore, substituting "hog-tying" for "Tasering" will not prejudice defendant. It is clear from reading the excerpts of the depositions that "hog-tying" has been part of this case throughout discovery:

1) Police Officer Sgt. John Antrim was questioned about the defendant's policy on using "hog-tie" restraints. Defendants objected as to form, but not relevance or scope. (Doc. 59-11 at 5).

2) Police Officer Christopher Head was questioned about "hog-tying" Mr. Soto. Defendant's objected as to form and foundation. (Doc. 59-11 at 8-9).

3) Police Officer Jeffrey Keating was questioned about the defendant's policy on using "hog-tie" restraints. Defendant made no objection. (Doc. 59-11 at 12).

4) Police Officer John McCord was questioned about "hog-tying" Mr. Soto. Defendant objected as to form. (Doc. 59-11 at 16).

5) Lt. Dennis Mulanax, who was in charge of defendant's training program, testified that he was aware Cruz v. The City of Laramie, Wyoming. Lt. Mulanax explained that he did not teach the

"hog-tying" method of restraint to his officers and that he never told his officers not to restrain an individual using the "hog-tying" method until the morning of his deposition. Defendant objected as to form and foundation. (Doc. 59-11 at 20).

6) Police Officer Jared Ratzlaff was questioned about his field training on using "hog-tie" restraints and "hog-tying" Mr. Soto. Defendant objected as to form. (Doc. 59-11 at 22-23).

7) Plaintiff's expert Andrew Scott opined that defendant's police officers were not trained in the use of "hog-tie" restraints and had they received proper training, Mr. Soto's death could have been avoided. Defendants did not have a policy prohibiting "hog-tie" restraint. (Doc. 59-6 at 10).

8) Plaintiff's expert Dr. Kris Sperry opined that defendant's officers should not have allowed Mr. Soto to remain in the "hog-tie" position because it greatly increased the risk of aspirating vomitus due to Mr. Soto's inability to move. (Doc. 59-7 at 5).

Accordingly, plaintiff will be entitled to pursue her "hog-tying" claim as set forth in the proposed pretrial order.

In addition, plaintiff will be allowed to proceed with her claim that defendant failed to provide training concerning the summoning of medical assistance for an individual suffering from excited delirium. Plaintiff's experts Scott and Sperry offered opinions on this claim in their reports and defendant does not argue that it was not on notice of this claim and/or that it was the subject of discovery.

Finally, plaintiff will be entitled to seek those damages which are recoverable under Kansas law in a survival action. The damages must be itemized.

On or before December 11, 2009, the parties shall submit a pretrial order which reflects the rulings made herein. Any dispositive motions must be filed on or before January 8, 2010.

IT IS SO ORDERED.

Dated this __2nd__ day of December 2009, at Wichita, Kansas.

>s/ Monti Belot
>Monti L. Belot
>UNITED STATES DISTRICT JUDGE