**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN B. ELLIS, as Administrator on
Behalf of the Philemon B. Ellis Estate and
Next-of-Kin,

        Plaintiff - Appellant,

v.

OGDEN CITY; MATT JONES, Ogden
City Police Officer; TROY BURNETT,
Odgen City Police Officer,

        Defendants - Appellees.

No. 08-4166

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 1:07-CV-122-DAK)**

---

Michael P. Studebaker, Law Office of Michael Studebaker, LLC, Ogden, Utah,
for the Plaintiff - Appellant.

Stephen F. Noel, Smith Knowles, Ogden, Utah, (Allan L. Larson and Heather S.
White, Snow, Christensen & Martineau, Salt Lake City, Utah, for the Defendants -
Appellees, Ogden City and Troy Burnett), for the Defendant - Appellee, Matt Jones.

---

Before **HARTZ, HOLLOWAY,** and **TYMKOVICH,** Circuit Judges.

---

**HOLLOWAY,** Circuit Judge.

**EXHIBIT R**

This tragic case addresses the level of intent necessary to prove a 42 U.S.C. § 1983 claim against officers for their conduct in a high-speed chase resulting in a bystander's death. The teaching of *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998), is that in such circumstances "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *See also id.* at 858 (Kennedy, J., concurring) ("intent to injure" is required).

Because Plaintiff-Appellant here failed to allege facts sufficient to establish such intent, the District Court properly dismissed the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

On December 18, 2006, Officer Matt Jones and Sergeant Troy Burnett are alleged to have initiated a "high speed chase" after Eddie Bustos through Ogden, Utah. First Amended Complaint at ¶¶ 3-4, 12, 14.[1] The officers had been conducting a stakeout in a known gang member area of Ogden. *Id.* at ¶ 12. According to the First Amended Complaint, the officers began to follow and then chase Mr. Bustos "through town at speeds that exceeded 55 miles per hour, and at times reached 80 miles per hour." *Id.* at ¶ 15. Officer Jones was aware of the residential address of Mr. Bustos and could have waited at that address to arrest Mr. Bustos for any crimes he may have committed. *Id.* at ¶

---

[1]The First Amended Complaint appears in the Appendix at 008-015.

**EXHIBIT R**

22. Throughout the chase Mr. Bustos would drive into oncoming traffic and lanes and the defendants continued to chase him. *Id.* at ¶ 17. The officers were advised and ordered by dispatch to disengage from the pursuit. *Id.* at ¶ 19.

The First Amended Complaint further alleges that the officers disregarded the order and/or gave false information to police dispatch about their speed and that they were disengaging the chase. *Id.* at ¶¶ 20, 24. During the chase Mr. Bustos struck the vehicle which Mr. Ellis was driving, and this led to Mr. Ellis's death. *Id.* at ¶ 23.

Mr. Ellis's estate filed suit against Ogden City, Officer Jones, and Sergeant Burnett for allegedly violating Mr. Ellis's Fifth and Fourteenth Amendment rights to due process and his Fourteenth Amendment right to equal protection of the law. The estate's suit was maintained pursuant to 42 U.S.C. § 1983 for acts which "deprived Ellis of his civil rights and his life." *Id.* at ¶¶ 6, 35, 42. The estate also alleged the City of Ogden fostered and encouraged a policy of turning a blind eye to dangerous police pursuits, thus exposing the city to municipal liability. *Id.* at ¶¶ 39-40. A demand for trial by jury was made in the complaint. *Id.* at ¶ 1. Defendants-Appellees moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and the District Court granted the motion. Memorandum Decision & Order, App. at 156.

The District Court held that the estate failed to allege facts establishing that the officers acted with the requisite intent for such a constitutional violation so that Defendants' Rule 12(b)(6) motion was appropriate. *Id.* at 7. The estate appealed the dismissal.

**EXHIBIT R**

## II. DISCUSSION

The District Court had federal question jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

### A.
### The Element of Intent Under *Lewis* for a Section 1983 Claim Arising From a High-speed Police Pursuit

Section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution. *Radecki v. Barela*, 146 F.3d 1227, 1229 (10th Cir. 1998). To establish a substantive due process violation, a plaintiff must show that the officers acted in a manner "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847, n.8. Whether conduct shocks the conscience depends on the factual circumstances of the case and the level of intent exhibited by the officers. *See id.* at 850 ("[O]ur concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking.").

*Lewis* specified that in the context of a high-speed police pursuit there must be evidence that the officers intended to "harm the suspects physically or to worsen their legal plight" in order for their conduct to shock the conscience and therefore violate due process. *Id.* at 854. "Accordingly, we hold that *high-speed chases with no intent to harm* suspects physically or to worsen their legal plight *do not give rise to liability* under the

-4-

**EXHIBIT R**

Fourteenth Amendment, redressible by an action under § 1983." *Id.* (emphasis added).

Applying *Lewis*, in *Radecki v. Barela,* we stated that under the circumstances presented "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience necessary for a due process violation." 146 F.3d 1227, 1230 (10th Cir. 1998) (quoting *Lewis,* 523 U.S. at 836).

Although *Lewis* did not explicitly define what constitutes a high-speed pursuit, the Court stated:

> In this setting, a deliberate indifference standard does not adequately capture the importance of such competing obligations, or convey the appropriate hesitancy to critique in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance.

523 U.S. at 852 (quoting *Whitley v. Albers,* 475 U.S. 312, 320 (1986)). The Supreme Court continued:

> As the very term "deliberate indifference" implies, the standard is sensibly employed only when actual deliberation is practical, see *Whitley v. Albers,* 475 U.S. at 320 ....

*Lewis,* 523 U.S. at 851.

When an officer is in a high-pressure situation where time is of the essence, there must be evidence of a purpose to cause harm unrelated to the legitimate object of the arrest to satisfy the element of arbitrary conduct shocking to the conscience for a due process violation. *Id.* at 836. Here, we are satisfied that this complaint alleged facts showing there was not time to deliberate; therefore we must focus on the possibility of liability based on

-5-

an intent to injure the injured party.[2]

B.

The District Court Properly Granted Defendants-<br>Appellees' Motion to Dismiss for Failure to<br>State a Claim.

When reviewing a dismissal pursuant to Rule 12(b)(6), this Court will "accept all the well-pleaded allegations of the complaint as true and . . . construe them in a light most favorable to the plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1997) (citations omitted). The dismissal order is reviewed de novo and the court will determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the plaintiff fails to allege an essential element of his claim, the complaint is appropriately dismissed pursuant to Rule 12(b)(6). *Forest Guardians v. Forsgreen*, 478 F.3d 1149, 1160 (10th Cir. 2007).

The estate's First Amended Complaint failed to allege facts establishing liability based on the theory of intent to harm. There is no dispute about the alleged underlying police activity resulting in Mr. Ellis's death being a high-speed pursuit.[3] Thus, *Lewis*

---

[2]The First Amended Complaint describes the pursuit as a "high speed chase" and notes the speed at which the parties were traveling. First Amended Complaint at ¶¶ 3-4, 15. The complaint makes no mention of the officers having time to deliberate as they sped "through town" following Bustos as he drove "into oncoming traffic and lanes." *Id.*

[3]The fact that Mr. Ellis was a bystander and not the suspect being pursued does not change our view of the controlling effect of *Lewis* here. Arguably an innocent bystander

-6-

**EXHIBIT R**

applies. 523 U.S. at 836 ("The issue in this case is whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender."). *Lewis* requires the plaintiff to assert that the officers acted with an intent to either physically harm the suspect or worsen his legal plight. *Id.* at 854. As we have noted, the estate failed to allege sufficient facts to meet the requirement of *Lewis*, 523 U.S. at 854:

> Accordingly we hold that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983.

The estate failed to allege sufficient facts to support an intent to physically harm or worsen the legal plight of the injured party.

The only allegation in the complaint suggesting an intention to cause harm is that Officer Jones "acknowledged . . . '[t]he suspect [Bustos] was traveling against traffic and an obvious danger to the public.'" First Amended Complaint at ¶ 16. However, an awareness that pursuing a suspect at speeds between 55 to 80 miles per hour through

---

presents a stronger case for liability against the pursuing officers than does a fleeing suspect. But we perceive no difference in the strength of *Lewis* as a defense against a bystander's claim or other persons pursued. See *Bingue v. Prunchak*, 512 F.3d 1169, 1175 (9th Cir. 2008) ("*Lewis* applies to injuries resulting from a high-speed police chase regardless of whether the injured victim was a fleeing suspect or an innocent bystander."); *See also Helseth v. Burch*, 258 F.3d 867, 872 (8th Cir. 2001); *Davis v. Township of Hillside*, 190 F.3d 167, 170 n.2 (3rd Cir. 1999). The Court in *Lewis*, grouped together "suspects, their passengers, other drivers, or *bystanders*." 523 U.S. at 853 (emphasis added).

**EXHIBIT R**

Ogden was an obvious danger to the public is not a sufficient averment that the officer

intended to cause physical harm to the suspect or worsen his legal plight. In *Radecki v.*

*Barela,* we directed entry of judgment for the defendants stating:

> Under these circumstances, however, where plaintiffs have not
> even alleged that Deputy Barela acted with an intent to harm
> the participants or to worsen their legal plight, under the *Lewis*
> standard there is no constitutional liability.

146 F.3d at 1232.

The estate asserts on appeal that the appropriate test for determining whether the

officers intended to hurt Mr. Ellis was the four-factor test of *Medina v. City & County of*

*Denver,* 960 F.2d 1493 (10th Cir. 1992).[4] Appellant's Opening Brief at 17-18. The

plaintiff maintains that *Medina* "is still good law" on liability for disregarding the known

danger. *Id.* at 18. We disagree. Here, the complaint failed to allege that the officers acted

with an intent to harm either the suspect Mr. Bustos or Mr. Ellis. We feel that in view of

the direct applicability of *Lewis* to this high-speed chase scenario, the *Medina* four-factor

test is not controlling. In *Lewis,* the Court directly decided the level of intent an officer

must exhibit during a high-speed pursuit to constitute a violation of an injured individual's

substantive due process rights. 523 U.S. at 836. The Court held that "only a purpose to

cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary

---

[4]This test analyzes whether (1) the plaintiff was a member of a limited and
specifically definable group; (2) the defendant's conduct put the members of that group at
risk for harm; (3) the risk was obvious or known; and (4) the defendant acted in conscious
disregard of that risk. *Medina,* 960 F.2d at 1496.

**EXHIBIT R**

conduct shocking to the conscience, necessary for a due process violation." *Id.*

As noted, the required purpose to cause harm during a high-speed chase was clarified in *Lewis* as either an intention to cause physical harm or to worsen the suspect's legal plight. *Id.* at 854. The Supreme Court did not espouse factors like those of *Medina*. Even though the Court did not explicitly mention *Medina*, it focused on application of the requirement that the officers actually intend to cause harm. Here, the complaint failed to allege the officers had any intention to injure anyone by their high-speed chase.

The First Amended Complaint here stated that at least "Defendant Jones was aware of the residential address of Bustos and could have waited at that address to arrest Bustos for any crimes he may have committed." *Id.* at 22. Nevertheless defendants chased Mr. Bustos through town at speeds that exceeded 55 miles per hour, and at times reached 80 miles per hour. *Id.* at ¶ 15. Since the pursuit was "through town," the estate now asserts the distance traversed shows the officers had adequate time to deliberate and consider whether to continue giving chase or to attempt to arrest Mr. Bustos at his home. Appellant's Opening Brief, pp. 15-16. The estate relies upon Officer Jones's admission of the danger posed to the public by Mr. Bustos's driving as evidence of the officer's reckless indifference. *Id.*

*Lewis* makes it clear that in such high-speed chase circumstances, the standard of *Lewis* applies when officers are "often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving." *Lewis*, 523 U.S. at 853 (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). For a constitutional claim to be

**EXHIBIT R**

viable, the plaintiff must establish not that the officers acted with reckless indifference but that the officers intended to cause harm. *Lewis*, 523 U.S. at 853 (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Here, importantly the First Amended Complaint failed to assert sufficient facts to establish the officers had time to deliberate. The complaint describes the pursuit as a "high speed chase" and notes the speed at which the officers were traveling. First Amended Complaint at p.3. The only possible reference to having time to deliberate is that the chase occurred "through town." *Id.* But even when viewed in the light most favorable to the estate, this vague reference to the distance is not sufficient to support the officers having sufficient time to deliberate and thus lower the level of intent to that of deliberate indifference. Because the estate here failed to allege facts supporting the required element of intent to harm, the District Court was correct to dismiss the case for failure to state a claim.

C.
The District Court Properly Dismissed the Claims Asserting a
Theory of Municipal Liability.

A municipality, such as Ogden, can be directly sued under § 1983 when its officers commit constitutional violations in accordance with the municipality's official policy. *Monell v. New York*, 436 U.S. 658, 690 (1978). However, liability will not attach "where there was no underlying constitutional violation by any of [the municipality's] officers." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

In this case, the District Court dismissed the case against Officer Jones and

-10-

**EXHIBIT R**

Sergeant Burnett.  Since the officers were not alleged sufficiently to have committed a constitutional violation, they could not provide the nexus required for municipal liability under § 1983.  *See Graves*, 450 F.3d at 1218.  Therefore, once the claims against the officers were properly dismissed, the claims against the municipality were also properly dismissed since liability for the municipality could not attach.

The estate's First Amended Complaint failed to allege sufficient facts to support the required element of intent.  Accordingly, we AFFIRM.

**EXHIBIT R**